FILED
CLERK, U.S. DISTRICT COURT
04/19/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: ___AP___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JAVIER CARLOS CRUZ,<br>　aka "Juvy,"<br><br>　　　　Defendant. | ED CR No. 5:23-cr-00071-JLS<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi), (b)(1)(C): Distribution of Fentanyl Resulting in Death and Possession with Intent to Distribute Fentanyl and Cocaine; 18 U.S.C. § 924(c)(1)(A)(i): Possession of Firearms in Furtherance of Drug Trafficking Crimes; 21 U.S.C. § 853, 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about November 11, 2022, in San Bernardino County, within the Central District of California, defendant JAVIER CARLOS CRUZ, also known as "Juvy," knowingly and intentionally distributed fentanyl, a Schedule II narcotic drug controlled substance, the use

of which resulted in the death and serious bodily injury of I.P. on or about November 12, 2022.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about December 27, 2022, in San Bernardino County, within the Central District of California, on his person, defendant JAVIER CARLOS CRUZ, also known as "Juvy," knowingly and intentionally possessed with intent to distribute fentanyl, a Schedule II narcotic drug controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi)]

On or about December 27, 2022, in San Bernardino County, within the Central District of California, in an apartment on North Center Avenue in Ontario, defendant JAVIER CARLOS CRUZ, also known as "Juvy," knowingly and intentionally possessed with intent to distribute at least 40 grams, that is, approximately 161.1 grams, of a mixture and substance containing N-phenyl-N-[1-(2-[phenylethyl]-4-piperidinyl] propenamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about December 27, 2022, in San Bernardino County, within the Central District of California, on his person, defendant JAVIER CARLOS CRUZ, also known as "Juvy," knowingly and intentionally possessed with intent to distribute cocaine, a Schedule II narcotic drug controlled substance.

## COUNT FIVE

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about December 27, 2022, in San Bernardino County, within the Central District of California, defendant JAVIER CARLOS CRUZ, also known as "Juvy," knowingly possessed the following firearms in furtherance of drug trafficking crimes, namely, Possession with Intent to Distribute Fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(vi), as charged in Count Three of this Indictment, and Possession with Intent to Distribute Cocaine, in violation of Title 21, United States Code Sections 841(a)(1), (b)(1)(C), as charged in Count Four of this Indictment:

1. An A. A. Arms Inc., Model AP9, 9mm caliber pistol, bearing serial number 030391;

2. A Glock, Model 23, .40 caliber pistol, bearing serial number BFWX820; and

3. A Glock, Model 17, 9mm caliber pistol, bearing serial number BRDW734.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, in the event of the defendant's conviction of the offenses set forth in Counts One through Four of this Indictment.

2.   The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a)   All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

    (b)   All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense; and

    (c)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.   Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished

in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Five of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title, and interest in any firearm or ammunition involved in or used in such offense, including but not limited to one A.A. Arms Inc., Model AP9, 9mm caliber pistol, bearing serial number 030391, one Glock, Model 23, .40 caliber pistol, bearing serial number BFWX820; and one Glock, Model 17, 9mm caliber pistol, bearing serial number BRDW734; and

(b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/

Foreperson

E. MARTIN ESTRADA
United States Attorney

Scott M. Garringer
Deputy Chief, Criminal Division For:

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office

PETER DAHLQUIST
MILES J. ROBINSON
Assistant United States Attorneys
Riverside Branch Office